GEORGE McQUEENEY *vs.* ORLANDO W. NORCROSS.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

If the master has provided a reasonably safe place for his servants to work, reasonably safe appliances or means for doing the work, and a reasonably sufficient number of competent workmen therefor, he is not liable for an injury to one of them which is caused by the failure of his fellow-servants to properly use the appliances thus provided.

In the present case the trial court found, as a conclusion from the specific facts detailed in the record, that the plaintiff's injury was caused by the neglect of the master to provide a sufficient number of men to properly operate a derrick used in the construction of a building. *Held* that this conclusion was not supported by the facts found.

The plaintiff, who was employed as a mason's helper and general laborer, was injured through the neglect of the men operating a derrick used in the erection of the building upon which they were all working. These men, as well as the plaintiff, were all employed and paid by the same master, were at work together for him at the

McQueeney *v.* Norcross.

same time and place upon the same wall, in furtherance of the same common object, and under the same superintendent and foreman. *Held* that the derrick-men were fellow-servants of the plaintiff.

In the absence of a special order to the contrary, the party prevailing in this court is entitled to costs not exceeding $50, for the expense of printing evidence certified as part of the record, pursuant to his request, unless it appears that there was no reasonable ground for his request.

A party may prevail, although he fail to sustain all his reasons of appeal.

Argued October 28th, 1902—decided January 7th, 1903.

ACTION for damages for personal injuries claimed to have been caused by the defendant's negligence, brought to the Court of Common Pleas in New Haven County and heard in damages to the court, *Cable, J.;* facts found and judgment rendered for the plaintiff for $700, and appeal by the defendant for alleged errors in the rulings and findings of the court. *Error, judgment set aside and cause remanded.*

The case is sufficiently stated in the opinion.

*Seymour C. Loomis* and *Earnest C. Simpson,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).*

---

* At the January term of the court of 1903, counsel for the appellee moved for a special order that no costs be taxed against him for the expense of printing the stenographic minutes of the evidence, which were certified up as part of the record, under General Statutes, Rev. 1902, § 797.

*Per Curiam.* The Rules of Court (p. 109, § 62) provide that when "error" is found, costs will be taxed, in the absence of special order to the contrary, in favor of the prevailing party. In this case, the appellants were the prevailing party. It was enough to make them such that they prevailed on any of their reasons of appeal, notwithstanding their failure to sustain all of them.

General Statutes, Rev. 1902, § 797, provides that the expense of printing the evidence, when that is certified up, "shall be paid and taxed as provided in § 796:" the latter section provides that such expense "shall be paid" by the party requesting that the evidence be so certified up, and "may be taxed" to an amount not exceeding $50, in favor of the prevailing party. Construing these sections together, the words quoted

McQueeney v. Norcross.

TORRANCE, C. J.   Among the numerous questions raised
upon this appeal, there is one that is decisive of the case,
and that is whether the trial court erred in holding, upon
the facts found, that the injury to the plaintiff was due to
the negligence of the defendant.   That question is fully pre-
sented by the finding as made, and for this reason it will be
unnecessary to consider the sixty or more errors assigned
for the alleged failure of the trial court to correct the finding.

The controlling facts found, bearing upon this decisive
question, are in substance these:  At the time of the injury
the defendant was engaged in erecting a building in New
Haven, upon which he employed about one hundred men,
under the control of a superintendent and several foremen.
The accident occurred in the erection of the westerly gable
of this building, a structure consisting of an outer layer of
cut stones of large size set on edge, with a backing of brick,
the stones and the brick being bound together by means of
anchor-irons.   These anchor-irons were first fixed in the
stone part of the wall, projecting about a foot beyond the
inside of it, and afterwards, as the brick backing reached
them, they were imbedded in that.   This gable "did not
constitute the most westerly part of the roof of said building,
but the building extended westerly from said gable, and
said extension was covered with a flat roof."   This roof was
about thirty feet from the ground, and the peak of the gable
was about eighteen feet higher.   Upon this roof was a der-
rick, operated by a steam engine on the ground, used for
hoisting stone.   The derrick consisted of an upright mast
and a movable boom, to the outer end of which boom, for
the purpose of swinging it as required, were attached two
ropes each about two hundred feet long, one used upon the

from the former have the same meaning as if they were "shall be paid
and may be taxed."   Under our rules (§ 62), the costs which, unless
otherwise ordered, will be taxed in favor of the prevailing party are
costs to the full extent allowable by law.   Such an order as is now
asked for can only be proper when there was no reasonable ground for
asking that the whole evidence be printed.   In the case at bar we think
there was reasonable ground, and therefore the motion is denied.

roof, and the other upon the ground. "At the time of the accident the brick backing was some two or three feet below the stone work" of the gable wall, leaving several of the anchor-irons projecting from the unbacked stone work, and so exposed that one of the swing ropes of the boom, dragging over the gable wall, was liable, unless watched, to catch on the anchor-irons and topple over some of the stones of the gable wall. "The unsafe and dangerous condition of the stones on said gable wall, and the danger of the rope connected with the derrick catching on said exposed anchors, and throwing said stones down upon the workmen below, was well known to the defendant's superintendent, and that special supervision and care were necessary to avoid accident." The gang at work on this gable, at the time of the accident, consisted of a foreman, Cheyne, and eight men, Peterson, Hanson, Scanlon, McCormack, McLeish, Sargent, Lungow, and the plaintiff. Peterson, Hanson and Scanlon worked the derrick, Sargent ran the steam engine, McCormack and McLeish were stone-masons, and Lungow and the plaintiff were mason's helpers and general laborers. Peterson had immediate charge of the derrick and its ropes, and he also had charge of Hanson and Scanlon who helped him to operate it. These men were all competent men. Just before the accident a large stone had been hoisted into place upon the gable. When that stone was placed in position, Peterson and Hanson were on the roof in charge of the derrick and roof-rope, and Scanlon was on the ground in charge of the ground-rope. The other men of the gang, including the plaintiff, were on the roof attending to their respective duties. After this stone was placed in position, the boom was swung outward for the purpose of hoisting another stone. As the boom swung out, the roof-rope was negligently allowed to drag over the gable wall and over the exposed anchor-irons, and it became entangled in one or more of them, and thereby three of the stones of that wall were pulled out of place and fell upon the roof on which the derrick stood, where the plaintiff was at work, causing the injuries to him found by the court. "The defendants had

neglected to have any person upon the gable-end wall to attend or care for said " roof-rope, " but instead thereof had but one man, who, as each stone was hoisted, would make a trip from the gable-end wall down to the ground and operate " the ground-rope to pull the boom outward, while the roof-rope "was allowed to drag unattended as aforesaid over said gable-end wall, and over said exposed, unprotected and unguarded ends of said anchors. . . This was not a proper and cautious way to operate a derrick, under such circumstances ; . . . there should have been two men, one stationed upon the ground to operate" the ground-rope, " and the other stationed upon the wall to operate " and keep the roof-rope clear from the anchor-irons.

Upon these facts the court held, (1) that the injury to the plaintiff was due to the negligence of the defendant; (2) that the negligence consisted (*a*) " in the manner in which said derrick was operated, in not having proper superintendence to attend to the operations " thereof; (*b*) " in not having a man stationed at or near said gable-end wall to see that said " roof-rope " did not become entangled in said anchors "; (*c*) " in operating the derrick without having two men, one stationed upon the ground to operate the same, and one stationed upon the wall to attend to said " roof-rope ; (*d*) " in directing men to work where they were exposed to said danger, without warning them " of the danger ; (3) that the plaintiff was not a fellow-servant of the men employed upon the derrick.

If this last conclusion were correct, it would clearly support the judgment rendered in this case ; for on that supposition the injury was caused either by the negligence of the defendant himself, or of those for whose conduct he was responsible. But the supposition is not correct; the men in charge of the derrick were fellow-servants of the plaintiff. They and he were employed and paid by the same master, were at work together for him at the same time and place upon the same gable wall, in furtherance of the same common object, under the same superintendent and foreman employed by the master; and, if the relation of fellow-serv-

ant can ever come into existence, it, upon these facts, existed between the derrick-men and the plaintiff. *Sullivan v. New York, N. H. & H. R. Co.*, 62 Conn. 209, 215; *Kelly* v. *New Haven Steamboat Co.*, 74 id. 343.

The derrick-men being fellow-servants of the plaintiff, the important question is whether, upon the facts found, his injury was due to the negligence of the defendant, or that of his fellow-workmen; and that depends upon the further question, whether the duty found to have been violated or neglected in this case and which caused the injury, was one resting upon the master or upon the servants.

What was that duty? Clearly, from the finding, it was the duty to use reasonable care to provide such suitable appliances and service as were reasonably requisite to prevent the roof-rope from catching or becoming entangled in the anchor-irons or the stones of the gable-wall. From the finding it is clear that the trial court held that there was a failure to perform that duty, which was the sole cause of the injury. If that duty were performed, it follows from the finding that the place where the plaintiff worked was a reasonably safe place, that his fellow-workmen were fit and competent men, and that all the means and appliances furnished by the master for the use of the workmen there were reasonably safe and proper. The trial court, from the facts found, came to the conclusion that this duty the defendant had not performed; for the gist of the finding is that the master was negligent in not providing four men to operate the derrick instead of three.

We think this conclusion is not supported by the facts found. At the time of the injury three men were employed in operating the derrick. Peterson had immediate charge of it and its ropes, with Scanlon and Hanson to help him. All were fit and competent men. Scanlon was on the ground attending to the ground-rope, and Peterson and Hanson were on the roof. There is no finding that these two men, when the boom swung outwards, had any other duties to perform save that of looking after the boom and its roof-rope, and keeping the latter from the wall, nor that they were not amply able

to do this had they seen fit.   Upon the facts found there was nothing to hinder Peterson from ordering Hanson to stand by the roof-rope when the boom swung outwards, and prevent it from fouling in the anchor-irons or in the wall, or to hinder Hanson from effectively obeying that order, or to hinder Peterson himself from looking after the roof-rope.   The trial court has thus found, in effect, that the master was negligent in not providing a fourth man at the derrick, when, for aught that appears, three men were amply sufficient to operate it; and the finding is thus fatally defective in a vital point.

Upon the finding as made there is nothing to show that the master had not provided a reasonably safe place for the plaintiff to work, reasonably safe means for doing the work, and a reasonably sufficient number of competent men to do the work then in hand.   Under these circumstances the negligence causing the injury must be held to be due to the failure of the plaintiff's fellow-servants to properly use the means which the master had provided, and not to the failure of the master to provide a sufficient number of competent fellow-servants.

There is error, the judgment is set aside and the cause remanded in order that judgment for nominal damages may be entered for the plaintiff.

In this opinion the other judges concurred.